UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOWANDA JACKSON, etc.,

       Plaintiff,

v.                                     CASE NO. 3:21-cv-274-TJC-JBT

STADIUM CLUB, INC., etc., et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Jowanda Jackson's Unopposed Motion for Approval of Accepted Fed. R. Civ. P. 68 Offer of Judgment ("Motion") (Doc. 20),  the parties' Joint Response [to the Court's Order] Re Plaintiff's *Lynn Foods* Calculation ("Joint Response") (Doc. 23), and Joint Notice Confirming Court's Understanding Pursuant to Dkt. 24 ("Joint Notice") (Doc. 25).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  (Doc. 14.)  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, and that final judgment be entered in Plaintiff's favor against Defendants, jointly and severally, in the amount of $9,500.00, inclusive of attorneys' fees and costs.

### I.     Background

Plaintiff filed the instant action seeking unpaid overtime wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  ("FLSA").

(*See* Doc. 1.)  According to the Complaint, Plaintiff was employed by Defendants as an exotic dancer within the period at issue.  (*Id.* at 2–8.)  Plaintiff alleged that, among other FLSA violations, Defendants failed to pay her time and one-half of her regular rate of pay for hours worked in excess of 40 hours per week and required Plaintiff to share her tips.  (*Id.* at 3, 5, 8–12, 18–23.)  Specifically, Plaintiff alleged that Defendants had a  "standard operating procedure of mischaracterizing dancers/entertainers as 'independent contractors'" and consequently failed to "pay any wages or compensation whatsoever."  (*Id.* at 12.)

Defendants served Plaintiff with an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $9,500.00, inclusive of any liquidated damages, fees and costs, which Plaintiff accepted.  (*See* Docs. 12 & 12-1.)  The Motion was unclear regarding whether there had been any compromise, and how the settlement funds would be divided between Plaintiff and Plaintiff's counsel. Therefore, the undersigned required the parties to clarify these matters.  (*See* Docs. 21, 22 & 24.)  In the Joint Response and Joint Notice, the parties clarified that there had been a compromise, and that Plaintiff's portion of the total settlement will be $4,660.00, and the attorneys' portion will be $4,857.00 (consisting of $4,275.00 for fees and $582.00 for costs).[1]  (Docs. 23 at 7–9; 25.)  The Motion requests that the Court enter judgment pursuant to this offer and acceptance.  (*See* Doc. 20 at 1, 6.)

---

[1]There is a mathematical error of $17.00, which is not material to the undersigned's analysis.  (Doc. 25.)

## II.     Standard

Preliminarily, the undersigned recommends that "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hospitals E., L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997)). However, that does not relieve the Court of its duty to make the fairness finding required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).  *See, e.g.*, *Doherty v. Good Shepherd Day School of Charlotte Cty., Inc.*, No. 2:18-cv-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019), *report and recommendation adopted* 2019 WL 2173798 (M.D. Fla. May 20, 2019).

Regarding such finding, Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores,* 679 F.2d at 1353.  Judicial review is required because the FLSA was meant

to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was

---

[2] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited if they are persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

> adversely affected by the amount of fees paid to his
> attorney, the Court will approve the settlement without
> separately considering the reasonableness of the fee to
> be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have

indicated that when attorney's fees are negotiated separately from the payment to

a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary

unless the unreasonableness is apparent from the face of the documents."  *King

v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL

737575, at *4 (M.D. Fla. Mar. 7, 2007).

When attorney's fees are not negotiated separately, however, "the

reasonableness of the settlement cannot be approved on its face but must be

carefully scrutinized using the lodestar approach."  *Cohen v. Goodyear Tire &

Rubber Co.*, Case No. 6:09-cv-496-GAP-DAB, 2009 WL 3790292, at *3 (M.D. Fla.

Nov. 9, 2009).  "[A]ny amount above the lodestar is unreasonable unless supported

by some special circumstance."  *Id.* at *4.  Ultimately, there are two issues

regarding fees: "that counsel is compensated adequately and that no conflict of

interest taints the amount" to be received by the employee(s).  *Silva*, 307 F. App'x

at 351.

"The most useful starting point for determining the amount of a reasonable

fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The

party seeking an award of fees should submit evidence supporting the hours

worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The court "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at 1303.  In determining the reasonableness of the hourly rate, the court may also consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3]

## III. Analysis

The parties synopsize their dispute as follows:

> Plaintiff was an exotic dancer at Mascara's Gentlemen's Club from approximately October 2020 to at least March 2021.  She was not paid any wages.  Rather, in order to work, Plaintiff paid on average approximately $30.00 to $50.00 in house fees per shift and paid out her tips and gratuities to other Mascara's employees or management.  Plaintiff contends that she was an employee under the FLSA, entitling her to back pay and liquidated damages.  *See* [Doc. 23-1 at 2.]

---

[3] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717–19.

Plaintiff's claims under the FLSA went back to October 2020, approximately 6 months before the filing of her Complaint, until she was terminated in March 2021. Plaintiff worked approximately 35 hours a week, 120 shifts, although those figures were hotly contested by the Defendants. Plaintiff estimated her damages to be in the $6,000 to $8,000 range and was going to request that from the arbitrator. *See* [*Id.*]

There were a number of facts unique to this case which led Plaintiff to compromise potential claims for liquidated damages and for charges associated with alleged mandatory tipping. With respect to liquidated damages, there was evidence that the Defendants could have believed that their characterization of Plaintiff as an independent contractor was defensible under prevailing law. The parties note that a recent FLSA claim brought against a Jacksonville club operating under a very similar format resulted in a jury verdict in favor of the club based on a finding that the plaintiff was not an employee. *See*[] *Santiero v. Wacko's Too, Inc., et al,* Case No.: 3:17-cv-01233-HLA-PDB (M.D. Fla.) (Doc. 173, filed 06/08/21[.])

Plaintiff and her counsel are also aware that local practices in Jacksonville vary and that many clubs in [this] jurisdiction have policies against mandatory tip-outs. Defendants asserted that any tip sharing was purely voluntary. This disputed evidence militated in favor of a settlement which essentially preserved the full amount of the wages claim while abandoning the speculative claim related to tip-outs.

In addition, Plaintiff and [her] counsel learned that Mascara's was out of business, that it had no apparent assets and that a judgment would likely be uncollectible.

(Doc. 23 at 2–4.)

The undersigned recommends that the above issues are bona fide issues that are actually in dispute. Further, the undersigned recommends that the proposed compromise is reasonable. Plaintiff estimates "her claim to be in the

$6,000 to $8,000 range for unpaid wages and liquidated damages." (Doc. 23 at 4.) Plaintiff will receive $4,660.00, which exceeds her unpaid wages estimate. Additionally, Plaintiff is represented by attorneys. Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding the $4,275.00 for attorneys' fees and $582.00 for costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. It appears the parties did not negotiate the recovery of attorneys' fees and costs separately from Plaintiff's recovery. (Docs. 12-1 at 2; 23-1 at 2.) Therefore, the undersigned must scrutinize the reasonableness of the fee and cost recovery.

Counsel for Plaintiff incurred approximately 85.2 total hours of billable time and $582.00 in litigation costs. (*See* Docs. 23-4, 23-5 & 23-6.) The undersigned recommends that counsels' effective rate of approximately $50.18 per hour ($4,275.00/85.2 hours = $50.18) is significantly less than the local prevailing market rate and does not taint the amount to be recovered by Plaintiff. (*Id.*; Doc. 23 at 9.) Although the hourly rate is low, the undersigned also recommends that Plaintiff's counsel are being adequately compensated for their work. The fees are being split among three different firms, and it appears likely that there has been some duplication of effort. (*See* Doc. 25 at 2.) Additionally, the $582.00 in costs

8

to cover the filing fee and service of process fees are also reasonable.  (Doc. 23-6.)  Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1.  The Motion (**Doc. 20**) be **GRANTED**.

2.  The Clerk of Court be directed to enter final judgment in favor of Plaintiff, Jowanda Jackson, and against Defendants, Stadium Club, Inc., d/b/a Mascara's Gentleman's Club and Thomas Harvey Shuman II, jointly and severally, in the amount of $9,500.00, inclusive of costs and attorneys' fees.

## Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 26, 2022.

JOEL B. TOOMEY
United States Magistrate Judge

9

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

Counsel of Record